UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KURTISS KIDWELL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-4064-B |
| | § | |
| DIGITAL INTELLIGENCE SYSTEMS, LLC, d/b/a DISYS, | § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss for Failure to State a Claim or, in the Alternative, Motion for a More Definite Statement, filed by Defendant Digital Intelligence Systems, LLC, d/b/a DISYS on March 17, 2014. Doc. 9. Plaintiff Kurtiss Kidwell filed a Response (doc. 10) to Defendant's Motion on April 8, 2014. After considering the Motion and the related briefings, the Court **GRANTS** Defendant's Motion to Dismiss but permits Plaintiff leave to amend his complaint to include allegations sufficient to inform Defendant of the parties' coverage under the FLSA. Accordingly, the Court **DENIES** Defendant's Motion for a More Definite Statement as moot.

## I.

## BACKGROUND[1]

This is an action for unpaid overtime compensation under the Fair Labor Standards Act

---

[1] The Court draws its factual account from the allegations contained in Plaintiff's Amended Complaint (doc. 5), as well as from the attachments and documents incorporated therein by reference. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

("FLSA"), 29 U.S.C. § 201, *et. seq.* Plaintiff Kurtiss Kidwell ("Kidwell") alleges that he was employed by Defendant Digital Intelligence Systems, LLC d/b/a DISYS ("DISYS") as a national accounts recruiter from November 2012 through April 2013. Doc. 5, Pl.'s Am. Compl. 2. Kidwell claims that during "one or more weeks" of his employment he worked in excess of forty hours but was not paid overtime. *Id.* Accordingly, he filed suit in this Court on October 8, 2013. Doc. 1. Several months later, on February 3, 2014, Kidwell filed his First Amended Complaint, seeking actual and compensatory damages, liquidated damages, as well as attorneys' fees and costs. Doc. 5. On March 17, 2014, DISYS filed its present Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement. Doc. 9. Though Kidwell timely responded, DISYS did not file a reply. Doc. 10. The Motion is now ripe for the Court's review.

## II.

## LEGAL STANDARD

A.   *Rule 12(b)(6) Motion to Dismiss*

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should

be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

B.      *Rule 12(e) Motion for a More Definite Statement*

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed" when it is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "When a party moves for a more definite statement, a court must determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading." *Ash Grove Tex., L.P. v. City of Dallas*, No. 3:08-CV-2114-O, 2009 WL 3270821, at *7 (N.D. Tex. Oct. 9, 2009) (citing *Mitchell v. EZ Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959))."[M]otions for a more definite statement are generally disfavored," and district courts have "significant discretion" when considering them. *Id.* (internal citations and quotations omitted).

III.

ANALYSIS

DISYS seeks dismissal, or alternatively, a more definite statement, because Kidwell "failed to plead facts . . . sufficient to support his claims for individual relief" under the FLSA. Doc. 9, Def.'s Mot. 1. Specifically, DISYS argues Kidwell does not offer sufficient facts regarding DISYS's employer status, the alleged overtime violations, and coverage under the FLSA. *Id.* at 3–7. In response, Kidwell disagrees and insists his Amended Complaint satisfies the federal pleading standard. Doc. 10, Pl.'s Resp. 5–8. Should the Court disagree, Kidwell requests the opportunity to replead. *Id.* at 8. The Court reviews each argument, in turn, below.

A.   *The Allegations of Employer Status under the FLSA*

The Court first considers DISYS's argument that Kidwell has failed to plead sufficient facts to demonstrate that an employer-employee relationship existed between them. Doc. 9, Def.'s Mot. 3. DISYS contends that Kidwell's allegations fail to satisfy the "economic reality" test set out by the Fifth Circuit and do not provide facts establishing DISYS's employer status. *Id.* Kidwell responds that DISYS qualifies as an "employer," as defined in 29 U.S.C. § 203, and that the cases cited by DISYS are inapplicable because they involve FLSA claims against multiple employers that "do not stand for [the] proposition that federal courts apply a heightened pleading standard for 'employer'." Doc. 10, Pl.'s Resp. 5. Additionally, Kidwell argues that "the 'economic realities' test is one applied on the merits, not as a threshold matter to the face of pleadings." *Id.* at 5–6.

In order "[t]o be bound by the requirements of the Fair Labor Standards Act, one must be an 'employer.'" *Donovan v. Grim Hotel Co.,* 747 F.2d 966, 971 (5th Cir. 1984) (citing 29 U.S.C. §§

206–07). Under the FLSA, the term "employer" "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." *Lee v. Coahoma Cnty.*, 937 F.2d 220, 226 (5th Cir. 1991) (quoting 29 U.S.C. § 203(d)). The Supreme Court has determined that the FLSA's definition of "employer" is to be interpreted expansively. *Falk v. Brennan*, 414 U.S. 190, 195 (1973). Thus, "[t]he term employer includes individuals with managerial responsibilities and 'substantial control over the terms and conditions of the [employee's] work.'" *Lee*, 937 F.2d at 226 (quoting *Falk*, 414 U.S. at 195).

The Fifth Circuit uses the "economic reality" test to evaluate whether an individual or entity possesses such operational control with respect to the employment relationship. *Gray v. Powers*, 673 F.3d 352, 354, 357 (5th Cir. 2012). In applying this test, the court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id. at* 355 (citations omitted). "While each element need not be present in every case," the individual must have control over at least certain aspects of the employment relationship. *Id.* at 357 ("While the Fifth Circuit 'has on several occasions found employment status even though the defendant-employer had no control over certain aspects of the relationship,' it does not follow that someone who does not control any aspect of the employment relationship is an employer.").

While Kidwell's Amended Complaint does not provide details describing how DISYS oversaw his work, the Court concludes that the allegations are sufficient to support a reasonable inference of operational control by DISYS and an employer-employee relationship between the parties. Kidwell

alleges he "worked for Defendant from November 2012 through April 2013 as a national accounts recruiter"; "his work was essential to Defendant's business"; and "[d]uring . . . Plaintiff's employment with Defendant . . . Defendant failed to pay Plaintiff." Doc. 5, Pl.'s Am. Compl. 2. At the very least, Kidwell has asserted that he was employed by DISYS, DISYS was in control of his method of payment, and DISYS failed to pay him. *See Hoffman v. Cemex, Inc.*, No. H-09-3144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009) (finding that similarly simple allegations in an FLSA complaint were "all factual allegation[s]—not legal conclusions—and, if proven, they give rise to a plausible claim for relief"). Kidwell's allegations, taken as true, are sufficient to qualify DISYS as an employer under the FLSA, and therefore state a claim against it.

Though DISYS refers the Court to cases in which plaintiffs' complaints were dismissed for failing to allege the defendants' employer status, these cases are ultimately unavailing because they discuss allegations that merely assert the existence of an employer-employee relationship or recite the elements of the "economic reality" test without providing facts in support. *Kaminski v. BWW Sugar Land Partners*, No. H-10-551, 2010 WL 4817057, at *2 (S.D. Tex. Nov. 19, 2010) (finding plaintiffs' assertion that they "worked for" defendants insufficient to meet the pleading requirements); *Chen v. Domino's Pizza, Inc.*, No. 09-107-JAP, 2009 WL 3379946, at *4–5 (D.N.J. Oct. 16, 2009) (finding that plaintiffs "fail[ed] to make any specific allegations" in their enumeration of the elements of the "economic realities" test). Furthermore, *Kaminski* involved claims of FLSA violations against multiple employers and discussed the particular complications that arise under these circumstances. 2010 WL 4817057, at *2. Such claims require a strict adherence to the factors of the *Gray* test. *Gray,* 673 F.3d at 355. "In cases where there may be more than one employer, th[e]

court 'must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test.'" *Id.* (quoting *Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir. 1990)); *see also Kaminski*, 2010 WL 4817057, at *2 (granting motion to dismiss because the plaintiffs had not "offered any allegations that would permit the court to determine how they believe the multitude of named defendants could all qualify as employers under the FLSA."). In contrast, Kidwell has alleged FLSA violations against only one employer, and he has done so by specifically referencing the time period of employment, indicating his job title, and discussing issues related to payment. Doc. 5, Pl.'s Am. Compl. 2. Accordingly, the Court finds that Kidwell has alleged sufficient facts to demonstrate that an employer-employee relationship existed between him and DISYS.

B. *The Allegations of FLSA Overtime Violations*

The Court next considers DISYS's argument that Kidwell has failed to satisfy the pleading requirements for the alleged FLSA overtime violations because he offers no factual context for his claims and "must at least allege an estimate of the number of hours worked without adequate compensation." Doc. 9, Def.'s Mot. 5–6. In response, Kidwell insists that he pled sufficient facts to put DISYS on notice that it is being sued for overtime wage violations. Doc. 10, Pl.'s Resp. 7.

Allegations of a complaint must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Brittain v. Trane Am. Standard*, 58 F. App'x. 596, 2003 WL 261828, at *2 (5th Cir. 2003). Though plaintiffs must make factual allegations that provide sufficient notice of the claim and explain the ground upon which it rests, "detailed factual allegations . . . are not required to meet Rule 8(a) in the specific context of FLSA overtime claims." *Hoffman*, 2009 WL

4825224, at *3 (citing *Connolly v. Smugglers' Notch Mgmt. Co.*, No. 2:09-CV-131, 2009 WL 3734123, at *3 (D. Vt. Nov. 5, 2009); *Acho v. Cort*, No. C-09-00157-MHP, 2009 WL 3562472, at *2–3 (N.D. Cal. Oct. 27, 2009)). "Moreover, it cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records." *Solis v. Time Warner Cable San Antonio, L.P.*, No. 10-CA-0231-XR, 2010 WL 2756800, at *2 (W.D. Tex. July 13, 2010) (citing *Acho*, 2009 WL 3562472, at *3) (internal quotation marks and alterations omitted).

Taking Kidwell's factual allegations regarding the overtime violations as true, the Court finds that Kidwell has pled "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.[2] In his pleadings, Kidwell has specified the name of the employee asserting the statutory violation, the employee's job title while working for DISYS, and the six-month time period during which he allegedly worked over forty hours without being paid time-and-a-half. Doc. 5, Pl.'s Am. Comp. 1–2 (noting that "Plaintiff worked for Defendant from November 2012 through April 2013"). "Those are all factual allegation[s]—not legal conclusions—and, if proven, they give rise to a plausible claim for relief." *Hoffman*, 2009 WL 4825224, at *3 (citing *Qureshi v. Panjwani*, No. H-08-3154, 2009 WL 1631798, at *3 (S.D. Tex. June 9, 2009)) (holding that the plaintiff's complaint

---

[2] To support its claims, DISYS cites multiple cases in which complaints containing allegations of overtime violations similar to those found here were dismissed without prejudice. Doc. 10, Def.'s Mot. 5–6; *Coleman v. John Moore Servs., Inc.*, No. H-13-2090, 2014 WL 51290 (S.D. Tex. Jan. 7, 2014); *Wischnewsky v. Coastal Gulf & Int'l, Inc.*, No. 12-2277, 2013 WL 1867119 (E.D. La. May 2, 2013); *Landers v. Quality Commc'ns, Inc.*, No. 2:11-CV-1928 JCM (RJJ), 2012 U.S. Dist. LEXIS 48794, at *3 (D. Nev. Apr. 6, 2012); *Mell v. GNC Corp.*, No. 10-945, 2010 WL 4668966 (W.D. Pa. Nov. 9, 2010); *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008); *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 630 (S.D.N.Y. 2007). Although the complaints at issue in these cases were similar to the one in the present matter, the Court notes that each of those cases is non-binding on this Court and finds them ultimately non-persuasive given its analysis above.

presented sufficient facts in alleging that the employees were non-exempt, worked over forty hours per workweek, and were not paid time-and-a-half for overtime hours); *Solis*, 2010 WL 2756800, at *2 (finding that the plaintiff's complaint offered adequate facts in listing the identities of the employees and an approximate time period during which the employees were employed and worked overtime without receiving overtime pay). Kidwell's complaint presents similar allegations regarding overtime pay and is therefore sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47).

C.   *The Allegations of FLSA Coverage*

The Court turns to the issue of the parties' coverage under the FLSA, examining both Kidwell's individual coverage and DISYS's enterprise coverage. "The FLSA guarantees overtime pay to employees engaged in the production of goods for commerce ('individual coverage') or employed in an enterprise engaged in commerce or in the production of goods for commerce ('enterprise coverage')." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citing 29 U.S.C. § 207(a)(1)) (internal quotation marks and emphasis omitted). "Either individual or enterprise coverage is enough to invoke FLSA protection." *Id.* (emphasis omitted). Because coverage is an element of an FLSA claim, a plaintiff must allege facts that show coverage under the FLSA in order to survive a motion to dismiss. *Morrow v. J W Electric, Inc.*, No. 3:11-CV-1988-D, 2011 WL 5599051, at *2 (N.D. Tex. Nov. 16, 2011) (citing *Lindgren v. Spears*, No. H-10-1929, 2010 WL 5437270, at *3 (S.D. Tex. Dec. 27, 2010)).

Kidwell alleges both individual and enterprise coverage. Doc. 5, Pl.'s Am. Comp. 1–2. In addition to stating that he worked for DISYS as a national accounts recruiter, the relevant portion of the Amended Complaint states:

> [a]t all times pertinent to this complaint, DIGITAL INTELLIGENCE SYSTEMS, LLC d/b/a DISYS, LLC, was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendant's business.

*Id.* DISYS argues Kidwell's allegations supporting the overtime claim are insufficient because the Amended Complaint does not allege any specific facts regarding interstate commercial activity, but merely recites the statutory elements of FLSA coverage. Doc. 9, Def. Mot. 4–5. In response, Kidwell insists that his duties can be inferred from his job title as national staff recruiter, which is sufficient to demonstrate individual coverage. Doc. 10, Pl.'s Resp. 6. Kidwell further maintains that enterprise coverage can be inferred from the large size of the DISYS company as well as from the fact that its annual gross receipts are in excess of $500,000. *Id.*

### 1. Individual Coverage

The Court first addresses the issue of Kidwell's individual coverage under the FLSA. To demonstrate that individual coverage exists, Kidwell must allege facts that give rise to a reasonable inference that he was engaged in commerce or in the production of goods for commerce. 29 U.S.C. §§ 206(a), 207(a); *Morrow*, 2011 WL 5599051, at *3. The test to determine whether an employee is "engaged in commerce" inquires "whether the work is so directly and vitally related to the functioning or an instrumentality or facility of interstate commerce as to be, in practical effect, a part

of it rather than an isolated activity." *Williams v. Henagan,* 595 F.3d 610, 621 (5th Cir. 2010) (citing *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.,* 474 F.3d 828, 829 (5th Cir. 2007)).

Kidwell claims that his position as national accounts recruiter permits an inference that his work "involved heavy use of interstate telephone and broadband communications." Doc. 10, Pl.'s Resp. 6. Kidwell thus insists that such inference is sufficient to plead individual coverage because "the act of recruiting another person for a staffing company, through interstate telephone and broadband communications, is clearly 'engage[ment] in interstate commerce.'" *Id.* However, the above explanations and allegations are not present in the Amended Complaint and are therefore not properly considered for purposes of this Motion. *See Spivey*, 197 F.3d at 774 (the court "will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts"); *see also Teaney v. Kenneth & Co. Honey Do Servs., LLC,* No. 3:13-CV-4211-L, 2014 WL 3435416, at *4 (N.D. Tex. July 15, 2014) (refusing to consider plaintiff's assertion that he dealt with material from out of state and was therefore covered by the FLSA because such information was not included in plaintiff's complaint).

Even though Kidwell's Amended Complaint indicates "national accounts recruiter" as his job title, Kidwell has failed to plead specific facts that establish individual coverage. Despite the presence of the term "national" in his job title, Kidwell offers neither a description of the nature of his work nor a clarification as to how such work engaged him in interstate commerce. *See Foreman v. Foodtronix, LLC,* No. 3:14-CV-0656-BF, 2014 WL 2039055, at *2 (N.D. Tex. May 16, 2014) (finding that plaintiff's allegation that he worked as a "technical support agent" and his assertion that his employer engaged in interstate commerce did not demonstrate that plaintiff's work engaged him in interstate commerce); *Morrow,* 2011 WL 5599051, at *3 (holding that plaintiff's allegation that

he provided electrician services to defendants' clients sufficiently described his work but did not demonstrate "how that work engage[d] him in interstate commerce"). Kidwell recites the elements of coverage as articulated in the FLSA, but he fails to relate them to the specifics of his work responsibilities. Thus, the Court concludes that the Amended Complaint fails to allege sufficient facts to establish individual coverage.

2. <u>Enterprise Coverage</u>

Lastly, the Court examines the issue of enterprise coverage under the FLSA. To satisfy the pleading requirement, Kidwell must allege facts that give rise to at least a reasonable inference that DISYS is an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a). An "enterprise that engages in commerce or in the production of goods for commerce" is an enterprise that:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1)(A).

To demonstrate the existence of coverage under the FLSA, Kidwell alleges that "[a]t all times pertinent to [the Complaint], [Defendant] was an enterprise engaged in interstate commerce" and "regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by . . . 29 U.S.C. § 203(r) and § 203(s)." Doc. 5, Pl.'s Am. Comp. 1–2. DISYS argues, in turn, that Kidwell has not pled specific facts indicating its engagement in interstate commerce, but has simply recited the elements of FLSA enterprise coverage. Doc. 9, Def.'s Mot. 4–5.

In response to DISYS's Motion to Dismiss, Kidwell further explains that DISYS "is a large company with annual gross receipts in excess of $500,000, a fact borne out through discovery." Doc. 10, Pl.'s Resp. 6. Kidwell also contends that enterprise coverage exists because he relied on "interstate telephone and broadband communications" in the course of working for DISYS. *Id.* As discussed above, this clarification is not included in the Amended Complaint and therefore cannot be considered in evaluating the sufficiency of the pleadings. Moreover, the assertion that DISYS is "a large company" does not advance Kidwell's argument regarding DISYS's participation in interstate commerce. Instead, it further accentuates the lack of factual allegations in Kidwell's Amended Complaint regarding DISYS's activities and coverage under the FLSA.

Kidwell does not otherwise allege that any other of DISYS's employees engaged in interstate commerce or handled, sold, or worked on goods or materials that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1)(A)(i). Rather, Kidwell solely alleges that DISYS was "engaged in interstate commerce." Doc. 5, Pl.'s Am. Comp. 1. These allegations provide no factual context for Kidwell's claims and are merely "formulaic recitations" of the elements of an FLSA cause of action. *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, a number of courts within the Fifth Circuit have recently held identical allegations to be insufficient in establishing enterprise coverage. *See Morrow*, 2011 WL 5599051, at *3; *Teaney*, 2014 WL 3435416, at *4; *Foreman*, 2014 WL 2039055, at *2; *Coleman v. John Moore Servs., Inc.*, No. H-13-2090 (S.D. Tex. Jan. 7, 2014); *Baker v. ABC Provider DFW, LLC*, 4:13-CV-288, 2014 WL 1267302 (E.D. Tex. Mar. 26, 2014); *Orozco v. Plackis*, 11-CV-703, 2012 WL 681462 (W.D. Tex. Feb. 29, 2012). Therefore, the Court finds that Kidwell has not articulated grounds from which individual or enterprise coverage under the FLSA can be discerned.

In sum, because Kidwell has failed to plead sufficient facts that, if taken as true, would establish coverage under the FLSA, he has failed to state a claim upon which relief can be granted. Accordingly, DISYS's Motion to Dismiss is **GRANTED**.

## IV.

## CONCLUSION

For the reasons stated above, DISYS's Motion to Dismiss (doc. 9), is hereby **GRANTED**. Normally, courts will afford a plaintiff the opportunity to overcome pleading deficiencies, unless it appears that the defects are incurable. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d. 305, 329 (5th Cir. 2002) ("district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (stating that "a court ordinarily should not dismiss the complaint except after affording every opportunity for the plaintiff to state a claim upon which relief can be granted") (internal alterations omitted). Since this Order is the Court's first review of Kidwell's allegations, the Court concludes that Kidwell should be given the opportunity to overcome the deficiencies in its pleadings.

If Kidwell is able to replead and address the grounds for dismissal stated herein, he should do so within thirty (30) days of the date of this Order. Further, any repleading shall be accompanied by a synopsis of no more than ten (10) pages, explaining how the amendments overcome the grounds for dismissal stated in this Order. Should Kidwell replead, DISYS is hereby granted leave to file a

response to Kidwell's synopsis. Any response shall not exceed ten (10) pages and must be filed within fourteen (14) calendar days of the repleading. No further briefing will be permitted.

Because Plaintiff is given an opportunity to overcome pleading deficiencies, Defendant's Motion for a More Definite Statement is **DENIED** as moot.

**SO ORDERED.**

**SIGNED: September 22, 2014.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE